******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

EVELEIGH, J., concurring. I agree with the majority opinion that bystander emotional distress is a derivative cause of action and that, therefore, the workplace accident in the present case was barred by the exclusivity provision of the Workers' Compensation Act (act). See General Statutes § 31-284; see also *Galgano* v. *Metropolitan Property & Casualty Ins. Co.*, 267 Conn. 512, 521, 838 A.2d 993 (2004). I write separately, however, to emphasize that if the complaint in the present case had alleged sufficient facts to demonstrate that the accident at work fell within one of the known exceptions to employer immunity in the workers' compensation statutory scheme, the plaintiff, Jenny Velecela, would have had a viable action for bystander emotional distress. General Statutes § 31-293a.

Section 31-293a provides in relevant part as follows: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent, and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. . . ." Accordingly, if the plaintiff in the present case had alleged sufficient facts to demonstrate that the death of the plaintiff's husband, Austin Irwin, was caused by another employee's wilful or malicious conduct or another employee's negligence in the operation of a motor vehicle, such an injury could have formed the basis of a claim of bystander emotional distress.

The action in this case does not fail because the plaintiff was awarded benefits under the act. Indeed, just as a worker who receives compensation can bring an action in civil court if his case falls within an exception, so should a bystander spouse, who otherwise qualifies under our rules regarding bystander emotional distress, be allowed to bring an action. See *Jett* v. *Dunlap*, 179 Conn. 215, 219, 425 A.2d 1263 (1979) ("[i]f the assailant [in a workplace assault] is of such rank in the corporation that he may be deemed the alter ego of the corporation under the standards governing disregard of the corporate entity, then attribution of corporate responsibility for the actor's conduct is appropriate"); see also *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 110–13, 639 A.2d 507 (1994) (if plaintiff could prove that forbidding him to use vacuum cleaner and turn off machine was substantially certain to cause injury then, assuming alter ego status, a remedy existed). Accordingly, a claim for bystander emotional distress would

also be viable for a third-party action brought by the representative of the estate if the complaint alleged facts to bring it within an exception to the exclusivity provisions of the act. Because I agree with the majority's analysis of the legal sufficiency of the complaint in the present case, I agree with that opinion.